UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY DENENG,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>TIM VIRGA, Warden,<br><br>　　　　Respondent.<br>　_____/ | No. C-12-2332 EMC (pr)<br><br>**ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE CASE** |

## I.　INTRODUCTION

Johnny Deneng, an inmate at the California State Prison - Sacramento, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His motion for a stay and abeyance also is before the Court for consideration.

## II.　BACKGROUND

The petition and attachments thereto provide the following information: Deneng was convicted in Alameda County Superior Court of two counts of second degree murder and two counts of attempted murder. Several sentence enhancement allegations were found true. On November 5, 2009, Deneng was sentenced to 139 years to life in prison.

Deneng appealed. The judgment of conviction was affirmed by the California Court of Appeal in 2010 and his petition for review was denied by the California Supreme Court in 2011. Deneng also filed petitions for writ of habeas corpus in the state courts, one of which now is pending. He then filed this action.

## III. **DISCUSSION**

A. Review of Petition

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) Deneng's right to effective assistance of trial counsel was violated by counsel's failure to make an objection on the record that was sufficient to preserve for appeal the issue of the prosecutor's diligence in attempting to secure the attendance of witness Alex Law; (2) Deneng's right to effective assistance of trial counsel was violated by the failure to object to testimony describing him as wearing jail clothes; (3) the trial court's statements to the jury about intoxication violated Deneng's right to due process; (4) Deneng's right to effective assistance of appellate counsel was violated by appellate counsel's failure to raise claim # 3 on appeal; (5) Deneng's right to effective assistance of trial counsel was violated by counsel's "failure to fully articulate the legal underpinnings of claim # 1," Petition, p. 28. Liberally construed, the claims are cognizable claims for habeas relief.

B. Motion For Stay and Abeyance

Deneng has moved to stay these proceedings and hold his petition in abeyance so that he may exhaust state court remedies for three of his claims. Deneng urges that his reasonable confusion about whether his state habeas petition will be considered timely by the state court constitutes good cause for filing his federal petition containing some unexhausted claims. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). His claims do not appear meritless and his failure to exhaust before filing this action does not appear to be an intentional tactic to delay the proceedings.

2

Liberally construed, the *pro se* motion satisfies the criteria identified in *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), in which the Court explained that a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Petitioner's motion to stay and hold these proceedings in abeyance is GRANTED. (Docket # 3.) The Court will stay this action. Petitioner is cautioned that he must act diligently to get his state court petition filed and promptly return to federal court after his state court proceedings have concluded. *See Rhines*, 544 U.S. at 277-78.

## IV.    CONCLUSION

The petition states cognizable claims for habeas relief. However, the Court will not at this time order Respondent to show cause why the petition should not be granted because Petitioner has requested a stay so that he may exhaust state court remedies.

This action is now **STAYED** and the Clerk shall **ADMINISTRATIVELY CLOSE** the action. Nothing further will take place in this action until Petitioner exhausts his unexhausted claims and, within thirty days of doing so, moves to reopen this action and lift the stay.

Petitioner's *in forma pauperis* application is GRANTED. (Docket # 6.)

IT IS SO ORDERED.

Dated: June 11, 2012

EDWARD M. CHEN
United States District Judge

3